# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

ATTILIO D'AGOSTINO,                    :
          Plaintiff,               :
                    :
v.                                     :      Civ. No. 3:05cv1057 (PCD)
                    :
HOUSING AUTHORITY OF THE CITY          :
OF WATERBURY,                          :
          Defendant.               :

## RULING ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

Plaintiff moves, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike Defendant's Seventh Affirmative Defense, raised in its Amended Answer, dated February 15, 2006.  Plaintiff argues that Defendant's Seventh Affirmative Defense should be stricken from the pleadings because it is insufficient as a matter of law.  Defendant did not file an objection to Plaintiff's motion.  For the reasons stated herein, Plaintiff's Motion to Strike [Doc. No. 37] is **denied**.

## I.      BACKGROUND

Plaintiff alleges age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., and Conn. Gen. Stat. § 46a-60(a)(1).  Defendant's Seventh Affirmative Defense alleges that "[t]he Plaintiff's claims are barred in whole and/or in part by collateral estoppel and/or res judicata." (Am. Answer 3.)  Defendant's affirmative defense is premised on an arbitration decision rendered by the Connecticut State Board of Mediation and Arbitration on August 22, 2005 in a related matter between Plaintiff and Defendant, wherein Plaintiff alleged, *inter alia*, that the termination of his employment breached the terms of a collective bargaining agreement. (Def.'s Mem. Supp. Mot. Amend 4-5.)  Defendant did not

include this affirmative defense in its original Answer, but moved for leave to amend the Answer

after the Connecticut State Board of Mediation and Arbitration rendered its decision. (See Def.'s

Mot. Amend.)  Plaintiff raised several arguments in his Opposition to Defendant's Motion for

Leave to Amend, including the argument raised in the instant motion. (See Pl.'s Mem. Opp. Mot.

Amend.)  This Court, however, granted Defendant's Motion for Leave to Amend, holding that

the Seventh Affirmative Defense was "not shown to be prejudicial to Plaintiff or likely to delay

the case." (Order re Mot. Amend 2.)

## II.     STANDARD OF REVIEW

"Upon motion made by a party . . . within 20 days after the service of the pleading upon

the party . . . the court may order stricken from any pleading any insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).[1]  A defense that

would not, under the facts alleged, constitute a valid defense to the action can and should be

deleted.  Charles Wright & Arthur Miller, 5A Federal Practice and Procedure: Civil 2d § 1381,

665 (2d ed. 1990).  Motions to strike an affirmative defense are generally disfavored, however,

and if there are questions of fact or disputed questions of law, the motion should be denied. See

Salcer v. Envicon Equities Corp., 744 F.2d 935, 938 (2d Cir. 1984), vacated on other grounds,

478 U.S. 1015, 106 S. Ct. 3324, 92 L. Ed. 2d 731 (1986).  Generally, to prevail on a motion to

strike an affirmative defense, Plaintiff must establish that: (1) there is no question of fact that

might allow the defense to succeed; (2) there is no substantial question of law that might allow

the defense to succeed; and (3) he would be prejudiced by the inclusion of the defense. Kilkenny

---

[1]     Plaintiff's motion is timely as it was served on Defendant only four days after Defendant filed its
Amended Answer.

v. Greenberg Traurig, LLP, No. 05 Civ. 6578 (NRB), 2006 U.S. Dist. LEXIS 23399 (S.D.N.Y.

Apr. 26, 2006); De Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate, Inc., No. 04 Civ.

4099 (DLC), 2005 U.S. Dist. LEXIS 9307, 2005 WL 1164073, at *3 (S.D.N.Y. May 18, 2005)

(quoting SEC v. KPMG LLP, No. 03 Civ. 671 (DLC), 2003 U.S. Dist. LEXIS 14301, 2003 WL

21976733, at *2 (S.D.N.Y. Aug. 20, 2003)).

## III.    DISCUSSION

Plaintiff raised a similar objection in his Opposition to Defendant's Motion to Amend,

and the Court again determines that there is a sufficient basis to permit the Seventh Affirmative

Defense to stand.  To the extent that Plaintiff asks the Court to determine that the affirmative

defense is legally insufficient, his motion is premature at this point.  It is unclear what the

evidence with regard to the arbitration proceeding will show.  The issue of the preclusive effect

of arbitration proceedings on a subsequent age discrimination action is not as clear-cut as

Plaintiff would have the Court find. Compare Alexander v. Gardner-Denver Co., 415 U.S. 36, 39

L. Ed. 2d 147, 94 S. Ct. 1011 (1974) (holding that the determinations of labor arbitrators

pursuant to collective bargaining agreements do not preclude subsequent federal actions to

vindicate certain federal statutory and constitutional rights, at least when those arbitration awards

are not confirmed in state or federal court) with Mitsubishi Motors Corp. v. Soler

Chrysler-Plymouth, Inc., 473 U.S. 614, 87 L. Ed. 2d 444, 105 S. Ct. 3346 (1985) (holding that

the arbitral forum was presumptively competent to resolve certain statutory claims, where there

had been a valid agreement to arbitrate, and where the statute involved did not preclude

arbitration); see also Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26, 114 L. Ed. 2d 26,

111 S. Ct. 1647 (1991) (holding that a claim brought under the ADEA could be subject to

compulsory arbitration pursuant to an arbitration provision in a securities registration form);

Burkybile v. Bd. of Educ., 411 F.3d 306, 310-11 (2d Cir. 2005) (declining to determine whether

arbitrations have preclusive effect in federal court); Morel v. Am. Bldg. Maint. Co., 124 Fed.

Appx. 671, 672 (2d Cir. 2005) (holding that an adverse arbitral award on an employment

discrimination claim does not preclude a Title VII action, however, when a plaintiff has failed in

arbitration, he or she "must present strong evidence that the decision was wrong as a matter of

fact" in order to survive summary judgment); Genovese v. Gallo Wine Merchants, Inc., 226

Conn. 475, 628 A.2d 946 (1993) (holding that Conn. Gen. Stat. § 31-51bb requires that courts

not grant preclusive effect to the unconfirmed determinations of arbitrators with respect to state

constitutional and statutory claims and federal constitutional claims, and mandates not just that

collective bargaining agreement arbitration clauses are unenforceable against constitutional or

statutory claims, but also that "employees covered by a collective bargaining agreement retain the

right to pursue a statutory action despite an adverse determination in a grievance or arbitration

proceeding").  If the same issues as are at issue in this case were arbitrated, there may be an

opportunity for the Court or the trier of fact to attach persuasive significance, if not preclusive

effect, to that finding.  Because motions to strike are generally disfavored and because there

remain questions of fact and disputed questions of law, the Court finds that Plaintiff has not met

his burden of establishing that the motion to strike should be granted. See Salcer, 744 F.2d at

938.

IV.     **CONCLUSION**

        For the foregoing reasons stated herein, Plaintiff's Motion to Strike [Doc. No. 37] is

**denied**.

4

SO ORDERED.

Dated at New Haven, Connecticut, June  29 , 2006.

_____
/s/
Peter C. Dorsey, U.S. District Judge
United States District Court

5