UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ATTILIO D'AGOSTINO,      : | |
|     Plaintiff,      : | |
| : | |
| v.      : | Case No: 3:05cv01057 (PCD) |
| : | |
| HOUSING AUTHORITY OF THE CITY      : | |
| OF WATERBURY,      : | |
|     Defendant.      : | |

## RULING ON MOTIONS IN LIMINE

Plaintiff Attilio D'Agostino brings this employment discrimination action alleging that he was terminated on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a) ("ADEA"), and Connecticut's Fair Employment Practices Act, Connecticut General Statutes § 46a-60(a)(1) ("CFEPA"). Jury selection in this case is scheduled for February 1, 2007. Currently pending are Defendant's six motions in limine.

I.     BACKGROUND

Plaintiff filed his Complaint in this Court on July 1, 2005. Pursuant to this Court's Scheduling Order as amended, discovery in this matter was to be completed by June 9, 2006. Defendant's motion for summary judgment, filed on July 10, 2006, was denied, however, this Court found that the decisions of the Connecticut State Board of Mediation and Arbitration ("Board of Arbitration")[1] and the Connecticut State Board of Labor Relations ("Labor Board")[2] were entitled to collateral estoppel effect. Plaintiff attacked the decision of the Board of

---

[1]     On August 22, 2005, the Board of Arbitration issued a decision finding that Defendant did not violate the collective bargaining agreement or its personnel policies by eliminating Plaintiff's Maintenance Supervisor position.

[2]     On August 29, 2005, the Labor Board issued a decision finding that Defendant did not violate the Municipal Employees Relations Act with regard to Plaintiff's discharge, rejecting Plaintiff's argument that Defendant discharged him on the basis of his union activity.

Arbitration on the basis that the tribunal was biased. This Court held that "[a]lthough Plaintiff's allegations do not lead this Court to conclude that the findings of the Board of Arbitration were tainted by bias, the Court will view these findings with caution," and therefore, granted collateral estoppel effect to factual findings of the Board of Arbitration that were also found by the Labor Board, since Plaintiff had not called the independence of the Labor Board and/or the fairness of its decision into question. Both tribunals found that: (1) Defendant offered Plaintiff the opportunity to seek a position for which he was qualified that was occupied by a less senior employee; (2) Defendant did not preclude Plaintiff from pursuing this opportunity; rather, Plaintiff expressed no interest in "bumping" into a less senior position; and (3) Defendant was under no contractual obligation to maintain the Maintenance Supervisor position until 2006. In granting collateral estoppel effect to these factual findings, this Court found that "Plaintiff's allegations with regard to his contractual rights under the collective bargaining agreement present no material fact that could be decided in favor of Plaintiff to establish circumstances giving rise to an inference of discrimination." The only issue to be decided at trial is whether Plaintiff was terminated on the basis of age in violation of the ADEA and the CFEPA.

## II.     DISCUSSION

### A.     Motion to Preclude Expert Witness

Defendant's Motion to Preclude Expert Witness [Doc. No. 86] is **denied in part** and **reserved in part**. Although Plaintiff offers no explanation for his failure to formally provide the requisite disclosure and/or seek permission for the late disclosure, within six weeks of jury selection, Defendant has been on notice since August 2006 of a possible offer. Defendant could have sought relief in August, but has waited four months to do so. Thus, the Court finds that

there is delinquency on both sides. Plaintiff will not be foreclosed at this time from offering the Dr. Oberkirch's testimony, but the Court will reserve until the time of an offer the questions of its relevance and materiality. Plaintiff shall make Dr. Oberkirch available for a deposition at Plaintiff's expense on or before February 4, 2007.

### B. Motion in Limine in Support of Motion to Preclude and/or Limit Testimony of Plaintiff's Witnesses

Defendant's Motion in Limine in Support of Motion to Preclude and/or Limit Testimony of Plaintiff's Witnesses [Doc. No. 90] is **granted in part** and **denied in part**. Plaintiff's initial responses to Interrogatories 7 and 9 and his deposition testimony reflect a failure to use available meals of disclosing the names of potential witnesses. Plaintiff's disclosure of seventeen witnesses only four weeks before jury selection does not give Defendant a sufficient and fair opportunity to react to the disclosure. Although Plaintiff is obliged and entitled to supplement earlier disclosures, a reasonable effort by Plaintiff would have identified the witnesses numbered three through seventeen of the supplemental responses to Interrogatory 9 well prior to January 4, 2007. Therefore, these witnesses will be precluded on the basis of their untimely disclosure.[3]

As to John Barbino, Defendant could, by his proximity to the occurrence involved, have known of Mr. Barbino's potential knowledge and even without Plaintiff providing Mr. Barbino's history, Defendant could have investigated his knowledge. Therefore, Mr. Barbino will not be

---

[3] The witnesses identified in paragraphs three through seventeen of the supplemental responses to Interrogatory 9 are also precluded from testifying on the ground that much of their testimony is contemplated to be on an issue that has already been found to be barred by collateral estoppel—i.e., whether Plaintiff was permitted to "bump" into the seventeen positions occupied by these individuals. Plaintiff's attack on the administrative decisions on which the finding of collateral estoppel was based is not proper at this time or in this forum. Plaintiff's claim of bias should have been raised with the administrative bodies and/or on appeal from those decisions. It was discussed and accorded due weight on the motion for summary judgment and cannot be raised again at this time.

3

precluded from testifying.

As to Terry Zainc and Lisa D'Agostino, they will be precluded from testifying only to the extent that they will testify on issues which this Court has found to be barred by collateral estoppel. Their testimony on other issues is not precluded.

### C. Motion in Limine to Preclude Evidence Relating to Any Promises or Representations Allegedly Made Regarding Maintenance Supervisor Position

Defendant's Motion in Limine to Preclude Evidence Relating to Any Promises or Representations Allegedly Made Regarding Maintenance Supervisor Position [Doc. No. 91] is **denied**. Defendant argues that Plaintiff should not be permitted to introduce evidence regarding any alleged promises or representations made to Plaintiff at the time of his promotion to Maintenance Supervisor in January 2004 based upon Plaintiff's failure to exhaust administrative remedies. Defendant argues, based on D'Agostino v. Housing Authority of the City of Waterbury, 95 Conn. App. 834, 898 A.2d 228 (2006), that Plaintiff is collaterally estopped from introducing said evidence and thus raising this issue at trial. In D'Agostino, the Connecticut Appellate Court affirmed the trial court's dismissal of Plaintiff's claims of negligent misrepresentation and promissory estoppel on the ground that he failed to exhaust administrative remedies under the collective bargaining agreement. In so finding, the Court noted that Plaintiff had initiated a grievance with the Board of Arbitration in 2004, only five days prior to filing his complaint in state court. Id. at 836. The Court held that Plaintiff was required to pursue his claims under the grievance-arbitration provision of the collective bargaining agreement before seeking redress in state court. Id. at 838-839.

Contrary to Defendant's argument, this decision does not preclude Plaintiff from

introducing evidence regarding any alleged promises or representations made to Plaintiff at the time of his promotion to Maintenance Supervisor in January 2004. First, this action is separate from the state court action, having been filed one year later than that action. Defendant has not argued in this action that Plaintiff is barred from bringing claims on the basis of his failure to exhaust administrative remedies. Second, Plaintiff is not claiming negligent misrepresentation or promissory estoppel, issues which have already been litigated in state court, but is only seeking to introduce this evidence in support of his age discrimination claim.[4] This Court holds only that Plaintiff is not barred by collateral estoppel from introducing evidence regarding any alleged promises or representations made to Plaintiff at the time of his promotion to Maintenance Supervisor in January 2004. Any arguments as to relevancy or prejudice, pursuant to Federal Rule of Evidence 403, may be made at the time such evidence is offered.

### D. Motion in Limine to Exclude Testimony Relating to Bias by the State Board of Mediation and Arbitration

Defendant's Motion in Limine to Exclude Testimony Relating to Bias by the State Board of Mediation and Arbitration [Doc. No. 92] is **granted**. Plaintiff's claim of bias was raised, discussed and accorded due weight in this Court's Ruling on Defendant's Motion for Summary Judgment and need not be litigated at trial. The claim of bias should have been raised with the Board of Arbitration and/or on appeal from the Board's decision in the state courts. Moreover, even if the decision of the Board of Arbitration was tainted by bias, this Court, in the Ruling on Defendant's Motion for Summary Judgment, granted collateral estoppel effect only to the factual

---

[4] This evidence may have some relevance to Plaintiff's prima facie case, see Stern v. Trustees of Columbia University, 131 F.3d 305, 313 (2d. Cir. 1997) ("departures from procedural regularity . . . can raise a question as to the good faith of the process where the departure may reasonably affect the decision"), or to a showing of pretext.

findings found by both the Board of Arbitration and the Labor Board. Because Plaintiff does not attack the findings of the Labor Board or call its fairness and/or independence into question, his claim of bias as to the Board of Arbitration is irrelevant.

### E. Motion to Preclude Dr. Galasso and Dr. Bobowick as Witnesses

Defendant's Motion to Preclude Dr. Galasso and Dr. Bobowick as Witnesses [Doc. No. 93] is **granted**. Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony and provides, with regard to expert witnesses, that "a party shall disclose to other parties the identity of any person who may be used at trial," along with:

> a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(A)-(B). The rule further provides that "[t]hese disclosures shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C).

A party's compliance with Rule 26(a) and the orders of this Court is mandatory. See Fed. R. Civ. P. 26(a)(2)(C). Rule 37(c)(1) authorizes this Court to award sanctions for the failure to disclose material pursuant to Rule 26(a), providing:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule

37(b)(2)(A), (B), and (C)[5] and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1).

According to Defendant, Plaintiff's disclosure of Drs. Galasso and Bobowick did not comply with Rule 26(a)(2) because Plaintiff never provided the information required by the rule. Specifically, Plaintiff failed to provide a report from either doctor opining that the conditions for which Plaintiff sought treatment were caused by the termination of Plaintiff's employment and setting forth the basis for this opinion. Moreover, Plaintiff failed to provide their list of publications authored, their compensation or a list of other cases in which they have testified. Plaintiff does not dispute Defendant's allegations.

Plaintiff's claims (1) that he is not obligated to strictly comply with Federal Rule of Civil Procedure 26(a)(2) and (2) that Rule 37(c)(1) is inapplicable are without merit.[6] What Plaintiff provided as to Drs. Galasso and/or Bobowick is not reasonably compliant with Rule 26(a)(2). Their exclusion at trial is warranted by the absence of an opportunity for Defendant to prepare for their testimony and cross-examination. Plaintiff's noncompliance with Rule 26(a)(2) cannot shift the burden of discovery to Defendant. Accordingly, Drs. Galasso and Bobowick will be precluded from testifying at trial.

---

[5] Rule 37(b)(2)(A)-(C) provides: "If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order; (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence; (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

[6] Even if Rule 37(c)(1) did not apply, this Court's inherent power to enforce Rule 26 would permit the relief requested.

### F.     Motion in Limine to Preclude the Plaintiff from Presenting Evidence Relating to Claims Previously Determined by Neutral Factfinders

Defendant's Motion in Limine to Preclude the Plaintiff from Presenting Evidence Relating to Claims Previously Determined by Neutral Factfinders [Doc. No. 97] is **granted**. Defendant moves to preclude Plaintiff from presenting evidence relating to the allegations contained in paragraphs 4(a) and 4(b) of Counts One and Two of Plaintiff's Complaint.[7] In the Ruling on Defendant's Motion for Summary Judgment, this Court granted collateral estoppel effect to the findings of the Board of Arbitration and the Labor Board, which already decided the issues raised in paragraphs 4(a) and 4(b) in favor of Defendant.

Plaintiff's claims of perjury by a witness, Jeff Sutton,[8] in the Labor Board and Board of Arbitration hearings cannot be used here to defeat collateral estoppel, as he failed to raise the issue before the prior tribunal or in an appeal or attack on that body's decision. The evidence submitted by Plaintiff in his January 16, 2007 letter, although purported to be "new," would have been available to Plaintiff since March 31, 2005, when the alleged statement was made.[9] Moreover, the alleged perjury is not substantial. At most a bias could be claimed, but Plaintiff long knew of Mr. Sutton's antagonism and would have explored his bias before the tribunal.

---

[7]     Paragraph 4(a)-(b) of Counts One and Two of Plaintiff's Complaint alleges the following: "On or about July 6, 2004, in violation of 29 U.S.C. § 623(a) (2004), the Defendant on account of the Plaintiff's Age, altered the terms, conditions, or privileges of the Plaintiff's employment by: a. Separating the Plaintiff's employment with the Defendant through the elimination of his position as Maintenance Supervisor; although said position is specifically called for in an applicable Bargaining Unit Contract to be in effect until June 30, 2006; b. Separating the Plaintiff's employment with the Defendant, although the Plaintiff had seventeen (17) employees below him on an applicable Bargaining Unit Seniority List . . . ." (Compl. ¶ 4(a)-(b).)

[8]     Mr. Sutton is Plaintiff's former union steward. (Barbino Aff. ¶ 4, Sept. 1, 2006.)

[9]     Mr. Barbino's affidavit, on which Plaintiff relies, is dated September 1, 2006. Therefore, at the very latest, this information has been available to Plaintiff for almost five months. Plaintiff could have raised the issue while his Motion for Summary Judgment was pending but did not.

Accordingly, Plaintiff will be precluded from presenting evidence relating to the allegations contained in paragraphs 4(a) and 4(b) of Counts One and Two of his Complaint.

### III.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Preclude Expert Witness [Doc. No. 86] is **denied in part** and **reserved in part**; Defendant's Motion in Limine in Support of Motion to Preclude and/or Limit Testimony of Plaintiff's Witnesses [Doc. No. 90] is **granted in part** and **denied in part**; Defendant's Motion in Limine to Preclude Evidence Relating to Any Promises or Representations Allegedly Made Regarding Maintenance Supervisor Position [Doc. No. 91] is **denied**; Defendant's Motion in Limine to Exclude Testimony Relating to Bias by the State Board of Mediation and Arbitration [Doc. No. 92] is **granted**; Defendant's Motion to Preclude Dr. Galasso and Dr. Bobowick as Witnesses [Doc. No. 93] is **granted** and Defendant's Motion in Limine to Preclude the Plaintiff from Presenting Evidence Relating to Claims Previously Determined by Neutral Factfinders [Doc. No. 97] is **granted**.

SO ORDERED.

Dated at New Haven, Connecticut, January  29 , 2007.

/s/
Peter C. Dorsey, U.S. District Judge
District of Connecticut